IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DAISY MARIE LOWRANCE                                                              PLAINTIFF

v.                                              CIVIL NO. 21-2023

KILOLO KIJAKAZI,[1]  Acting Commissioner
Social Security Administration                                                    DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Daisy Marie Lowrance, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for SSI on August 3, 2018, alleging an inability to work due to spinal stenosis, anxiety, high blood pressure, glaucoma, and arthritis. (Tr. 184).  An administrative hearing was held on February 10, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 60-86).

By written decision dated February 24, 2020, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 31).  Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disc

---

[1] Kilolo Kijakazi, has been appointed to serve as Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

disease and depression. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 32). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 416.967(a) except the claimant can only occasionally climb, balance, crawl, kneel, stoop, and/or crouch; the claimant must avoid hazards including moving machinery and unprotected heights; and the claimant is limited to simple, routine, and repetitive tasks.

(Tr. 34). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a document specialist, a touch-up screener, and a charge account clerk. (Tr. 38).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on December 8, 2020. (Tr. 15-20). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 18, 19).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the

evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff argues the following issues on appeal: 1) the ALJ failed to properly develop the evidence; 2) the ALJ failed to properly evaluate Plaintiff's subjective complaints; 3) the ALJ erred in determining Plaintiff's RFC; and 4) and the ALJ's Step Five determination is not supported by the evidence.

Plaintiff argues that the ALJ should have contacted her treating/examining physicians to obtain additional evidence prior to determining the RFC. A RFC assessment from a treating physician, although helpful, is not required. *See Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007)(the medical evidence, State agency physician opinions, and claimant's own testimony were sufficient to assess residual functional capacity). In this case, the record consists of a consultative neurological evaluation in March of 2018; a consultative mental diagnostic evaluation in November of 2018; a consultative ophthalmology evaluation in November of 2018; the assessments of non-examining medical consultants; and Plaintiff's medical records to include treatment notes as well as objective testing. After reviewing the entire record, the Court finds the record before the ALJ contained the evidence required to make a full and informed decision regarding Plaintiff's capabilities during the relevant time period. *See Haley v. Massanari,* 258 F.3d 742, 749–50 (8th Cir. 2001) (it is permissible for ALJ to issue decision without obtaining added medical evidence, so long as other evidence provides sufficient basis for ALJ's decision).

In determining that Plaintiff maintained the RFC to perform sedentary work with limitations, the ALJ considered the medical assessments of the examining and non-examining agency medical consultants; Plaintiff's subjective complaints; and her medical records. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole, the

Court finds Plaintiff failed to meet her burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012)(burden of persuasion to demonstrate RFC and prove disability remains on claimant). In determining Plaintiff's RFC, the ALJ discussed Plaintiff's impairments and noted that Plaintiff's medical providers recommended conservative treatment which provided some pain relief. The record revealed that in January of 2020, Plaintiff reported the medial branch blocks and pain medication provided some improvement with her pain and quality of life. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000) (Impairments that are controllable or amenable to treatment do not support a finding of total disability). In fact, at that time, Plaintiff reported that she was able to perform activities of daily living with her treatment plan. (Tr. 441).

The ALJ discussed Plaintiff's activities during the time period in question which included attending to her own personal hygiene; assisting in the care of her teenage son; shopping for groceries and household items; preparing simple meals; performing general household chores (washing dishes, doing laundry, ironing); managing financial matters (including counting change, paying bills, handling a savings account, and using a checkbook or money orders); and attending church services. Because the ALJ based the RFC assessment upon review of all the credible, relevant evidence of record, and the RFC is supported by some medical evidence, it will not be disturbed. *See Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("An administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

With respect to the ALJ's Step Five determination, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a document specialist, a touch-up screener, and a charge account clerk. *Goff v. Barnhart,* 421 F.3d 785 at 794 (testimony from

vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 1st day of March 2022.

/s/   *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE